# EXHIBIT "B"

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss
BROCKTON SUPERIOR COURT

TRIAL COURT DEPARTMENT
CA NO: 11-376

JAKE STILPHEN

Plaintiff

v.

MICHAEL F. DEVINE (individually and in his capacity as principal of Hull High School) &
TOWN OF HULL

Defendants

PLYMOUTH, ss 4/5 20 11
NOTICE ORDERED ISSUED HEREON
RETURNABLE AT PLYMOUTH BROCKTON
on MON the 11th
day of April 20 11
at 2:00 am Pm

## COMPLAINT

### PARTIES

1. Jake Stilphen, age 18, is a senior at Hull High School in Hull, Plymouth County Massachusetts.

2. Michael F. Devine in the principal of Hull High School, Plymouth County, Massachusetts.

3. The Town of Hull is a municipality in Plymouth County, Massachusetts.

### VENUE

4. Venue is proper is this Court pursuant to G.L c. 12, §§ 11H, 11I.

### FACTS

5. On December 17, 2010, the administrators of Hull High School ("school") placed the school on "lock down." During the "lock down," school officials, along with canine (K-9) units from Hull, Scituate, and Randolph conducted a sweep of the school for narcotics.

6. During the "lock-down" the plaintiff was told by Assistant Principal Mr. Scott. Sivo that a sniffer dog had "hit" on his motor vehicle.

Page 1 of 6

A TRUE COPY ATTEST
Clerk of Courts

7. The motor vehicle, a black Cadillac STS ("motor vehicle") registered to Plaintiff's father Gary Stilphen, was parked on Helen Street.

8. Helen Street is a residential street next to the school, but is not on school grounds.

9. Plaintiff was accompanied Mr. Sivo to the motor vehicle, where Mr. Michael O'Donnell, a teacher and coach at the school, Hull K-9 officer Jon Mahoney and a sniffer dog, and possibly other presently unidentified individuals were already present.

10. Officer Mahoney, and possibly other individuals, performed a search of the interior of the motor vehicle.

11. No drugs were discovered in the course of Officer Mahoney's search of the vehicle.

12. Upon information and belief, no police log entry, memorandum, or report was created subsequent to Officer Mahoney's search of the vehicle.

13. The search was not made pursuant to a warrant.

14. While the search was on-going, the school principal, Mr. Michael Devine, arrived on the scene and proceeded to personally search the vehicle.

15. Mr. Devine claims that he found "speckles" of marijuana on the floor of the motor vehicle.

16. Plaintiff was nevertheless not arrested, criminally charged, or issued a civil citation as a result of the "speckles" of marijuana allegedly found on the floor of the vehicle.

17. The presence of marijuana was not detected in Plaintiff's school locker in the course of the "lock down."

18. Following a hearing with Principal Devine on December 29, 2010, Plaintiff was suspended for ten (10) days.

19. Plaintiff was also placed on social probation for sixty (60) calendar days, and placed on co-curricular suspension for forty-five (45) calendar days.

20. Additionally, Plaintiff was required to submit to three (3) random drugs, at the discretion of Mr. Devine, between January 17, 2011 and March 14, 2011, in order to resume participation in co-curricular activities, including school athletic teams, at the end of the 45 day co-curricular suspension.

21. Plaintiff, a player on the school varsity basketball team, was unable to play the remainder of the basketball season due to the co-curricular suspension.

22. After school on February 18, 2011, Plaintiff was administered by Mr. Devine.

23. Principal Devine determined that the plaintiff tested positive for marijuana.

24. As a result of the drug test, Plaintiff's social probation was extended through May 21, 2011, and his co-curricular suspension extended through May 22, 2011.

25. On March 9, 2011, Plaintiff attended a Hull High School girls' basketball game at Norwell High School. Mr. Devine told Plaintiff that he was in violation of his social probation and that he had to leave the event. He complied with Mr. Devine's request.

26. On March 14, 2011 Plaintiff attended the girls' basketball state championship game at the TD Garden. Mr. Devine told him that he had to leave, but he did not comply and was escorted from the building by a security guard.

27. On March 15, 2011, as a result of the incidents describes in paragraphs 25 and 26, the plaintiff was placed on co-curricular suspension "for the remainder of the 2011-2012 (sic) school year."

28. Plaintiff was also place on social probation "for the remainder of the 2011-2012 (sic) school year."

29. As a result of the co-curricular suspension, Plaintiff will not be able to play baseball for the Hull High team. Last year Plaintiff was the starting centerfielder on the varsity ream, and was only freshman to make the varsity team. Plaintiff was also being looked at by Division I colleges during his junior year and hopes to obtain a college athletic scholarship.

30. By a letter dated March 18, 2011, Plaintiff, through his attorney, appealed the March 15, 2011 disciplinary decision to Hull Superintendant of Schools Dr. Kathleen Tyrell.

31. The March 18, 2011 letter to Dr. Tyrell stated that the December 17, 2010 search of his vehicle exceeded the scope of administrative searches authorized by the Hull High School Student Handbook ("student handbook") and was also unconstitutional.

32. The student handbook states in the section entitled "search and seizure" that "[t]he school administration retains control over lockers loaned to students, and regulates admission and parking of automobiles on school grounds." See Hull

High School Student Handbook at www.town.hull.ma.us, last accessed on April 1, 2011.

## FIRST CAUSE OF ACTION
## MASSACHUSETTS CIVIL RIGHTS ACT
## G.L. c. 12, § 11I
### (As to Michael F. Devine)

33. The plaintiff re-alleges the preceding paragraphs as if fully set out herein.

34. Principal Michael F. Devine's warrantless search of the motor vehicle on December 17, 2010 interfered with Plaintiff's right to be free from unreasonable searches and seizures.

35. The right to be free from unreasonable searches is secured by the Fourth Amendment to the U.S. Constitution, made applicable to the states and political subdivisions of the states, including the Town of Hull and its public school officials, by the due process clause of the Fourteenth Amendment to the U.S. Constitution. New Jersey v. T.L.O., 469 U.S. 325, 334 (1985).

36. The right to be free from unreasonable searches is also secured by Article 14 of the Massachusetts Declaration of Rights.

37. The Massachusetts Civil Rights Act ("MCRA"), G.L. c. 12, § 11I, authorizes the plaintiff to bring a private action to vindicate the defendant Michael Devine's interference with rights secured by the U.S. Constitution and the Massachusetts Declaration of Rights.

38. Principal Devine's off campus search of the motor vehicle was unreasonable because it exceeded the geographic scope of administrative searches permitted by the search and seizure policy of Hull High School.

39. School administrators must follow their own rules and policy regarding search and seizure. Pavadore v. Sch. Comm. of Canton, 19 Mass. App. Ct. 943, 944, 473 N.E.2d 205, 207 (1985) (school committee may not choose to disregard its own rules when discharging an employee).

40. Because no drugs were found in Plaintiff's locker during the "lock down," and the Plaintiff did not have access to the motor vehicle during the school day, Principal Devine did not have reasonable suspicion to search the motor vehicle. Compare Nicholas B. v. School Committee of Worcester, 412 Mass 20, 22 (1992) (assault and battery committed by student off school grounds was a continuation of improper conduct that occurred on school grounds).

41. Plaintiff had a reasonable expectation of privacy in the contents of his motor vehicle when it was not parked on school property. Commonwealth v. Carey, 407 Mass. 528, 531, 554 N.E.2d 1199, 1201 (1990).

42. Even if the search was constitutionally justified, the ensuing discipline, including social probation, co-curricular suspension, and random drug testing was a violation of Plaintiff's right to procedural due process because the presence of contraband was not corroborated by the law enforcement personal that were present. Plaintiff was thereby deprived of an opportunity to be heard in a meaningful manner in connection with the December 29, 2010 hearing with Principal Devine.

43. But for Mr. Devine's unconstitutional search and disciplinary decision, Plaintiff would not have been suspended, placed on social and co-curricular suspension, and subjected to progressive discipline that now requires him to forgo the remainder of the baseball season and his senior prom.

44. Mr. Devine's interference with Plaintiff's rights was by threats, intimidation or coercion.

## SECOND CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS ACT
## 42 U.S.C. § 1983
## (As to Michael F. Devine)

45. The plaintiff re-alleges the preceding paragraphs as if fully set out herein.

46. The conduct describe above was a violation of Plaintiff's right to be free from unreasonable search and seizure.

47. Principal Devine, an employee of the Town of Hull acting within the scope of his employment, was acting under the color of law when he searched the motor vehicle.

48. The search of the motor vehicle was a violation of a clearly established constitutional right.

## THIRD CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS ACT
## 42 U.S.C. § 1983
## (As to Town of Hull)

49. The plaintiff re-alleges the preceding paragraphs as if fully set out herein.

50. The "lock down" and ensuing search of Plaintiff's vehicle was made pursuant to a policy, practice, or procedure adopted by the Town of Hull in connection with the administration of Hull High School. See Monell v. Dept. of Social Services, 436 U.S. 658.

51. The policy, practice, or procedure was a violation of the plainitff's right to be free from unreasonable search and seizure.

## REQUESTS FOR RELIEF

A. As to the first cause of action the plaintiff, Jake Stilphen, requests that this Court issue a preliminary injunction ordering Michael Devine and the Town of Hull to rescind his social and co-curricular suspension immediately and expunge the incident and all ensuing discipline from his school record. Plaintiff also requests compensatory damages and attorney's fees.

B. As to the second and third causes of action the plaintiff, Jake Stilphen, requests that this Court issue a preliminary injunction ordering Michael Devine and the Town of Hull to rescind his social and co-curricular suspension immediately and expunge the incident and all ensuing discipline from his school record. Plaintiff also requests compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. 1988.

Respectfully submitted,
Defendant, Jake Stilphen,
By His Attorney,

John R. Bita III, BBO 667886
Milligan Coughlin LLC
7 Liberty Square, 2d Floor
Boston, MA 02109
t. 617-500-3694
jrb@milligancoughlin.com

Dated: 4/5/2011